WILLIAMS, Senior Circuit Judge,
concurring:
I write separately to elaborate on two issues: the scope of review and the probability of recidivism.
*641 Scope of review. Our opinion refers to two cases, United States v. Sullivan, 451 F.3d 884 (D.C.Cir.2006), and United States v. Love, 593 F.3d 1 (D.C.Cir.2010), which applied a plain error standard of review to a defendant’s challenge of a discretionary condition of supervised release after he had failed to lodge an objection at sentencing. But in neither of these eases did the defendant argue or the court address whether a plain error standard of review is appropriate in the absence of an objection. The defendant in Sullivan “aeknowledge[d] that, ‘generally, where a sentencing court affords the defendant an opportunity to object to the special conditions but the defendant remains silent, an appellate court reviews for plain error’.” 451 F.3d at 894 (internal brackets omitted). Of course he could not have cited our decision in United States v. Bras, 483 F.3d 103 (D.C.Cir.2007), which hadn’t yet issued; nor did he anticipate Bras’s argument (or any others) on the background question of the need for an objection vel non. Rather, he argued that the circumstances under which the challenged condition was imposed — the trial court announced the discretionary condition “after resolving objections to the PSR and after permitting defendant to make a statement,” he “ha[d] no meaningful opportunity to comment,” 451 F.3d at 894 (emphasis in the original) — prevented him from making an objection. We rejected that specific argument, observing that “once appellant was made aware of the conditions ... his counsel was in a position to respond or to seek additional time.” Id. But we did not consider the logically anterior question whether plain error review was suitable for a substantive reasonableness challenge not posed at sentencing.
Love, appealing after Bras had issued, failed to invoke it; nor did he in any way raise the threshold question of whether plain error review is appropriate absent an objection. Rather, he argued that he had made an adequate objection. We rejected the argument, finding that counsel’s words fell short of the specificity requirement expressed in United States v. Breedlove, 204 F.3d 267 (D.C.Cir.2000). Love, 593 F.3d at 11.
Thus the decisions in Sullivan and Love both lacked the benefit of adversarial briefing on the issue. Neither case considered whether, as substantive reasonableness is a standard of appellate review rather than a direct mandate to trial courts, plain error review would be appropriate. Bras, 483 F.3d at 113. Neither case considered other arguments as to the likely impracticality of requiring an objection. See Maj. Op. at 641.
As the Sullivan and Love courts never addressed the assumption that plain error review was appropriate in the absence of an objection, the courts’ implicit assumptions, under standard principles, lack precedential effect. Brecht v. Abrahamson, 507 U.S. 619, 630-31, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). It remains for a future case to determine whether the standard of review applicable to a challenge of a discretionary condition as substantively unreasonable should differ from the standard applicable to terms of incarceration under Bras.
Risk of recidivism. At sentencing Russell argued that he was unlikely to repeat his offense, pointing to Department of Justice data on the recidivism rates for various types of offenders, including child molesters. The data, which Russell never mentioned in his appellate briefs, are quite interesting and seem to place child molesters at the low end of the distribution. One report, U.S. Department of Justice: Bureau of Justice Statistics, Recidivism of Prisoners Released in 1994 Table 10 (June 2002), available at http://bjs.ojp.usdoj.gov/ *642 content/pub/pdf/rpr94.pdf, provides the percentage of approximately 272,111 inmates released in 1994 in 15 states who were rearrested within three years of release for the type of crime for which he/ she was imprisoned, namely, homicide, rape, robbery, assault, burglary, larceny/theft, motor vehicle theft, fraud, drug offenses, and public order offenses. The numbers for those categories are, respectively, 1.2, 2.5, 13.4, 22.0, 23.4, 33.9, 11.5, 19.0, 41.2 and 31.2 percent. But another report, Bureau of Justice Statistics, Recidivism of Sex Offenders Released from Prison in 1994 Table 22 (Nov.2003), available at http://bjs.ojp.usdoj.gov/content/pub/ pdf/rsorp94.pdf, shows the analogous rates of recidivism for child molesters to be lower than all but two categories of that set of offenders, and radically lower than most. It reports that of the 4,295 inmates convicted of child molestation who were released in 1994, only 5.1 percent were rearrested for any sex crime within three years.
The DOJ statistics also have implications for Russell’s age and his lack of prior offenses. The rearrest rate for child molesters with no arrests prior to the one leading to their imprisonment was about half that for those with a prior arrest for any crime. See id. at Table 28. And the rearrest rate for persons 45 or over was only about 60 percent of the average rate. See id. at Table 25.
On appeal Russell does not argue that the sentencing court committed the procedural error of relying on erroneous facts when assessing the risk of recidivism, Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007), let alone raise the Justice Department statistics, thereby depriving the government of a chance to argue why the data may not be as telling as they appear. It may be, for example, that assiduous supervision under judgments such as the one under review, as well as general legislation constraining the offenders’ movement and sensitizing neighbors (e.g., the various versions of Megan’s Law adopted by every state and by Congress by 1996, see Smith v. Doe, 538 U.S. 84, 89-90, 123 S.Ct. 1140, 155 L.Ed.2d 164 (2003)), have played a key role in producing the low rates shown in DOJ’s statistics.
In any event, given Russell’s failure to press the Justice Department figures, the other applicable § 3553(a) factors and the deference owed to the trial court, see, e.g., Gall, 552 U.S. at 51-52, 128 S.Ct. 586, 1 am unable to find the 30-year term of supervised release to be substantively unreasonable.